UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD J. FRIEDMAN, ESQ., in his capacity as
Trustee of ELLETT BROTHERS, LLC, a/ka/
ELLETT BROTHERS, INC.,

                        Plaintiff,

               -against-

NEXIEN, INC.,

                    Defendant.
------------------------------------------------------------X

**ORDER**
21-CV-03292 (DRH) (JMW)

**APPEARANCES**

**Attorney for Plaintiff**

**SILVERMAN, ACAMPORA LLP**
100 Jericho Quadrangle
Suite 300
Jericho, New York 11753
By:    Gayle Sharon Gerson

**Attorney for Defendant**

**KIM, CHO & LIM, LLC**
460 Bergen Boulevard
Suite 305
Palisades Park, New Jersey 07650
By:    Sean Seokchan Kwak

**WICKS**, Magistrate Judge:

> "*[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.*"[1]

At the nascent stage of this breach of contract action, Defendant moved to dismiss on three grounds, namely (1) this Court lacks personal jurisdiction over Defendant; (2) the District of South Carolina, rather than the Eastern District of New York, is the proper venue for this action; and (3) the principle of *forum non conveniens* dictates that this case should be tried in South Carolina because all evidence and witnesses are located there. That motion is presently pending before the Hon. Denis R. Hurley. (DE 14.) If granted, Defendant's motion to dismiss would be the death knell to Plaintiff's entire case. On the heels of that motion, Defendant now seeks a stay of discovery pending a decision on the motion to dismiss. (DE 17.)

Defendant, confident in its motion, portends a high likelihood of success on the motion to dismiss. Plaintiff, not surprisingly, is quite pessimistic about Defendant's chances on the dismissal motion.

Having reviewed the submissions (DE 17, 18, 19, 20, 21),[2] and having heard oral argument (DE 22), the Court declines Defendant's invitation to stay discovery pending the motion to dismiss. Accordingly, the motion for a stay is denied.

## STATEMENT OF FACTS

Defendant, Nexien, Inc. ("Nexien") is a corporation organized and existing under the laws of New Jersey operating out of its headquarters located in Ridgefield, New Jersey. (DE 17-2 at 6.) Defendant also has a satellite office in South Carolina, located at 2816 Main Street, Suite B, Newberry, South Carolina. (*Id.*) Samsung is Defendant's largest client, and one of its manufacturing plants is located in Newberry, South Carolina. (*Id.*)

Ellett Brothers, Inc. ("Ellett") is a South Carolina limited liability company that was the owner of and was headquartered at 267 Columbia Ave., Chapin, South Carolina (the "Premises"). (DE 20 at 7.) On June 10, 2019, Ellett filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Delaware. (*Id.*) On November 6, 2019, the Bankruptcy Court confirmed a Plan of Liquidation under which Plaintiff, Ronald J. Friedman, was designated as the liquidation trustee for post-confirmation proceedings. (*Id.*) All of the assets of the debtors, including the Premises, were transferred to a liquidation trust administered by Plaintiff. (*Id.*) Plaintiff then engaged the services of a South Carolina real estate broker to market the Premises for lease, and in September 2020, Defendant contacted

---

[1] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (Cardozo, J.).

[2] Defendant challenged the declaration submitted by counsel for Plaintiff as non-compliant under 28 U.S.C. § 1746 since it fails to state that the contents are "true and correct" (DE 19) and, as such, should be considered inadmissible. *See Williams v. Keisler*, No. 07 CV 503 (ARR), 2007 WL 9723294, at *4 (E.D.N.Y. Oct. 30, 2007) ("The document is not actually an affidavit, since it is unsworn, and is not admissible as an unsworn declaration because it is undated.") While the initial filing was indeed non-compliant, as it was the declaration of Plaintiff's attorney rather than Plaintiff, the Court granted leave during oral argument to permit Plaintiff to resubmit a compliant declaration, which he did. (*See* DE 23.)

Plaintiff through his attorney and initiated negotiations for Defendant's lease of the Premises. (*Id.* at 8.) These negotiations took place between Plaintiff's attorney located in New York and Defendant's representatives who were located in New Jersey. (*Id.*)

The lease agreement, which was executed on or about November 1, 2020 by Plaintiff and Defendant's operations manager, Paul Kim, identifies Plaintiff as the landlord and states his physical New York location. (*Id.*) The lease also provides that rent payments are to be made to the Landlord at his New York address. (*Id.*) Paul Kim is currently a defendant in a criminal action in the District of South Carolina, concerning matters relating to his negotiation of the very lease at issue in this case.

Pursuant to the lease, Defendant completed its payments for the first two months via ACH payments made to Plaintiff's New York bank account. (*Id.* at 9.) In total, Defendant paid approximately $118,057.36 to Plaintiff for the security deposit and two monthly rent payments. (*Id.*) On January 21, 2021, Defendant informed Plaintiff by letter of its intent to surrender the Premises, and that Defendant defaulted under the lease. (*Id.*) On or about April 6, 2021, Defendant sued Paul Kim for fraud in South Carolina District Court. However, Plaintiff here was not named in the action. (*Id.*)

Plaintiff—unaware of the South Carolina action—commenced this action on June 11, 2021. (*Id.*) On July 21, 2021, Defendant filed a Letter Motion objecting to personal jurisdiction and venue with no mention of the South Carolina action. (*Id.* at 10.) Thereafter, Defendant filed a motion for leave to amend its complaint in the South Carolina action to add Plaintiff as a defendant. (*Id.*) Defendant then served its Motion to Dismiss in this action, followed by the instant motion for a stay.

## APPLICABLE STANDARD ON A MOTION FOR A STAY

It is axiomatic that the mere filing of a motion to dismiss or other dispositive motion simply does not stay discovery in an action. A party may, however, seek such relief under Fed. R. Civ. P. 26(c). "Although not expressly authorized by statute or rule, . . . the federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order." *Hachette Distrib., Inc. v. Hudson Cnty. News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (Spatt, J.) (collecting cases). Rule 26 contemplates that a court may stay discovery while a motion to dismiss is pending, but only if "good cause" is shown. *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (citations omitted); *see also Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). This mandate of a showing of "good cause" is critically important because Rule 1 of the Federal Rules of Civil Procedure advises that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Indeed, a request to stay litigation appears to be the antithesis of that very command. Some commentators, for example, have in fact questioned whether staying discovery in fact stays justice.[3] Accordingly, even when both parties consent to a stay, the court is under a duty to determine whether a stay is justified.

---

[3] *See, e.g.*, Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 Wake Forest L. Rev. 71, 72 (2012).

*Cf. Separ v. Cnty. of Nassau,* 21-CV-00010, 2021 WL 2474263 (E.D.N.Y. June 17, 2021) (unopposed motion to stay).

Motions seeking a stay, require a careful balancing of a fact-specific inquiry and a case-by-case analysis, considering the nature and particular circumstances of the case and the companion dispositive motion. *Thomas v. N.Y. City Dep't of Educ.,* 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010). As such, courts look to the following factors: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *See Rivera v. Inc. Vill. of Farmingdale,* No. 06-civ-2613 (DRH) (ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007) (citing *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,* No. 05-civ-4294 (DRH) (ETB), 2006 WL 897996 (E.D.N.Y. Mar. 31, 2006)).

It is with these guideposts in mind that the Court analyzes Defendant's application.

### THE ARGUMENTS ADVANCED

### Defendant's Arguments for a Motion to Stay

Defendant describes the "most simple and dispositive argument for the dismissal," which it claims is the law of South Carolina. (DE 17-2 at 10.) Defendant alleges this law is applicable, which provides that "[a]ctions which must be tried where subject matter is situated . . . for all matters between landlord and tenant . . . including . . . payment or collection of rent." (*Id.* (quoting S.C. Code Ann. § 15-7-10).) Defendant claims that the choice-of-law provision in the lease and this provision of South Carolina law is dispositive

of this action. (*Id.* at 11.) In addition, Defendant argues the Court lacks personal jurisdiction in that Defendant has no contact with New York, as (1) it is domiciled in New Jersey; (2) it has its relevant satellite office in South Carolina; (3) the lease involves real property in South Carolina; and (4) nearly all aspects of the transaction between Plaintiff and Defendant occurred in South Carolina. (*Id.*) Finally, Defendant contends that that all factors of the *forum non conveniens* analysis—other than the fact that Plaintiff brought the case in his home jurisdiction—weighs in favor of discretionary dismissal. (*Id.*)

Defendant next asserts that the factor of burdensome discovery weighs heavily in its favor because this forum increases its financial and other burdens. (*Id.* at 11–12.) According to Defendant, both it and Plaintiff are parties to ongoing litigation in South Carolina, and all transactions related to Defendant's business, witnesses, and evidence are located in South Carolina. (*Id.* at 12.) Defendant argues that discovery in New York would require several representatives of Defendant to travel between the states for discovery and that counsel would also need to travel to depose any witnesses. Defendant cites to Federal Rule of Civil Procedure 45(c), which states that "[a] subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides." (*Id.*) Because New York is more than 100 miles away from South Carolina, Defendant argues that discovery in this forum would be burdensome. (*Id.*) In addition, Defendant argues that this action imposes unnecessary burden for both Defendant and Plaintiff because both parties will duplicate their discovery efforts in South Carolina and New York. (*Id.*)

3

According to Defendant, the breadth of discovery will be broad and necessarily will include the transactions between Paul Kim and Plaintiff. (*Id.*) Paul Kim is no longer in Defendant's control, but he purportedly acted as Defendant's agent in nearly all communications with Plaintiff. (*Id.*) Defendant will be forced to review many documents between Paul Kim and Plaintiff, and Defendant claims that because Paul Kim was a fraudster, the records are likely to be fabricated. (*Id.* at 13.) This will force Defendant to attempt to decipher what is authentic in the records. That Paul Kim's residency is in South Carolina further burdens discovery in this forum. (*Id.*)

Furthermore, Defendant intends to bring a third-party claim against Paul Kim if the Motion to Dismiss is denied. (*Id.*) Thus, Defendant argues that proceeding in discovery in this action now would involve travel and segmented discovery, whereas a stay if and until the Motion to Dismiss is denied would allow the parties to conduct discovery concerning the claims, defenses, and anticipated third-party complaint simultaneously. (*Id.*) Additionally, discovery in the South Carolina action, Defendant alleges, affords both parties the same discovery opportunity without travel, and it will be streamlined as Paul Kim is already named as a defendant in that action. (*Id.*)

As to the last prong of the analysis— undue prejudice—Defendant rests its argument on two cases, *Giminez v. L. Offs. of Hoffman & Hoffman*, 12-cv-0669, 2012 WL 2861014 (E.D.N.Y. July 11, 2012) and *Separ*, 2021 WL 2474263, which found that because those actions were in their infancy, a stay of discovery would pose little prejudice to plaintiffs. (*Id.* at 14.) Defendant argues that the parties have not begun discovery, except for 26(a)(1) initial disclosures, thus

Plaintiff will suffer no prejudice by staying discovery. (*Id.*)

**Plaintiff's Arguments Opposing the Stay**

Plaintiff alleges that this Court does have personal jurisdiction based on (1) Defendant's initiation of negotiations with Plaintiff, a New York-based trustee; (2) negotiations that occurred through email and telephonic means, with agents or employees of Defendant communicating with the trustee's agents in New York; (3) the Lease Agreement's provision that Defendant's main point of contact would be the trustee, as landlord; and (4) Defendant's submission of the security deposit, and first month's rent, via ACH transfer to a trust account located in New York. (DE 20 at 14.) Along with personal jurisdiction, Plaintiff reasons that a district court may permit discovery in aid of a dismissal motion, and the Court may allow discovery on the limited issue of Defendant's contacts with the state of New York. (*Id.* at 11 citing *David Tunick, Inc. v. Kornfeld*, No. 91-Civ-7027 (DNE), 1993 WL 6211, at *2 (S.D.N.Y. Jan. 6, 1993)).) Plaintiff argues that Defendant should not be allowed to escape such discovery by its Motion to Stay. (*Id.*)

Additionally, Plaintiff argues that this action concerns Defendant's breach of a lease, and it may not defeat a breach of contract claim by contending that a third party tricked or defrauded it into entering the contract. (*Id.* at 5.) The pending actions against Paul Kim are not relevant here, and Plaintiff argues that Defendant can pursue Paul Kim to indemnify it for its losses. (*Id.* at 6.) Because Plaintiff states that the South Carolina Action is irrelevant here and frivolous, he argues a stay of discovery is not warranted on the basis of the pendency of the South Carolina action. (*Id.*)

4

Plaintiff turns to Defendant's contention that the law of South Carolina, which requires that any action between a landlord and tenant be tried in the county where the subject premises is located, will dismiss Plaintiff's claim. (*Id.* at 15.) Plaintiff argues that federal courts sitting in diversity, like this Court, must apply the substantive law of the state governing the dispute, but the procedural laws of the federal courts. (*Id.* (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).). Thus, Plaintiff contends that because federal venue rules apply here—as venue is a procedural issue—and because the Lease Agreement does not have a forum selection clause, Plaintiff was within its right to commence action in New York. (*Id.* at 16.) Plaintiff argues that the choice-of-law provision is substantive law which governs the dispute and that it applies to cases brought before the South Carolina state courts. (*Id.*) Moreover, Plaintiff asserts that the venue chosen by Defendant for the South Carolina Action is still not the county in which Section 15-7-10 of South Carolina's law would compel the case to be heard, as the premises in question is located in Lexington County and Defendant selected Columbia County as the venue. (*Id.* at 17.)

Plaintiff contends that its discovery demands are inherently narrow because they are directed at ascertaining the scope of Defendant's contacts with New York in connection with the lease, as well as his claim for indemnification of any liability on the Mechanic's lien. (*Id.* at 18.)

Finally, Plaintiff argues that a substantial risk of prejudice to Plaintiff is present if a stay is imposed. (*Id.* at 19.) Because Plaintiff is the trustee charged with liquidating assets of a bankruptcy debtor for the benefit of the debtor's creditors, Plaintiff's claim against Defendant is a considered a valuable asset, which could generate a substantial recovery. (*Id.*) Plaintiff argues that any delay to the resolution of his claim harms Plaintiff and every creditor involved. (*Id.*)

## ANALYSIS

The Court first turns to whether Defendant has made a strong showing that Plaintiff's claims are unmeritorious. This is done, however, without prejudging the motion to dismiss that is *sub judice* before Judge Hurley. Rather, the task of analyzing the merits of the claims is merely one piece of the larger puzzle fact-specific that must be undertaken on a stay application.

Defendant's initial argument relying on the choice of law provision in the contract at issue appears meritless. It is well-settled that a choice of law provision does not dictate where a litigation will proceed. *Harrington v. Carter*, 17-cv-2343 (ADS) (ARL), 2017 WL 4621618, at *3 (E.D.N.Y. Oct. 7, 2017). Thus, the provision stating that South Carolina law applies to any disputes arising out of the contract has no bearing on venue. And even to initially consider South Carolina law, which, on its face, dictates that matters concerning landlord-tenant disputes must proceed in the jurisdiction where the property is located, this Court must nonetheless apply federal venue principles, as venue is a matter of procedure rather than substance. *Martinez v. Bloomberg LP*, 740 F.3d 211, 220 (2d Cir. 2014) ("Questions of venue . . . are essentially procedural, rather than substantive, in nature, and therefore should be governed by federal law.") (internal quotation marks and citations omitted); *see Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994) (noting that "venue is a matter that goes to process rather than substantive rights"). Thus, Defendant's threshold argument regarding the effect of the contract provisions on venue appears meritless.

As to the personal jurisdiction argument in the dismissal motion, "the court must consider whether the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum" to determine if jurisdiction exists. *Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 3419 (GBD), 2015 WL 1515358, at *1 (S.D.N.Y. Mar. 31, 2015) (quoting *Helicopteros Nacionales de Colombia, SA. v. Hall*, 466 U.S. 408, 414–15 (1984)). To determine minimum contacts, courts focus on "'the relationship among the defendant, forum, and the litigation.'" *Id.* (quoting *Colder v. Jones*, 465 U.S. 783, 788 (1984)). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). In New York, CPLR § 302 governs, and "specific jurisdiction 'depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Godoy v. BMW of N. Am., LLC*, 16-CV-5502(DRH)(SIL), 2018 WL 4608200, at *4 (E.D.N.Y. Sept. 25, 2018) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). New York's long-arm statute set forth in CPLR § 302 states that courts have "specific jurisdiction over non-domiciliaries 'who, in person or through an agent . . . (i) transacts business within the state or contracts anywhere to supply goods or services in the state.'" *Id.* (citation omitted).

On a motion to dismiss for lack of personal jurisdiction, Plaintiff bears the burden of showing jurisdiction and, prior to discovery, Plaintiff need only show facts constituting a *prima facie* showing in order to defeat a motion to dismiss. *Hollins*, 469 F. Supp. 2d at 70. "Plaintiffs may rely entirely on allegations of fact, and they will prevail even if the moving party makes contrary allegations which controvert their prima facie case." *Id.* (quoting *Sodepac, S.A. v. Choyang Park in Rem*, No. 02 Civ 3927 (SAS), 2002 WL 31296341, at *2 (S.D.N.Y. Oct. 10, 2002). When a court has not held any hearings or trial on the merits, like here, "'all pleadings and affidavits must be construed in the light most favorable to [plaintiff] and all doubts must be resolved in . . . plaintiff's favor.'" *Id.* (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)).

While Defendant asserts a lack of jurisdiction argument, this claim is in sharp dispute and does not, on its face, make a strong showing that Plaintiff's claims lack merit. First, Plaintiff alleges that Defendant's lease agreement with Plaintiff, a resident of New York, payments to Plaintiff's New York bank, and negotiations with Plaintiff, a trustee in New York, is sufficient to establish that Defendant purposely availed itself of New York. *See Polish Army Veterans of Am., Inc. v. Stasiewicz*, No. 20-CV-3419 (MKB), 2021 WL 3130090, at *5 (E.D.N.Y. July 23, 2021) ("Under New York state law, a defendant's lack of physical presence in the state is not dispositive of whether he transacts business within the state, 'so long as the defendant's activities [within the state] were purposeful and there is substantial relationship between the transaction and the claim asserted'") (quoting *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007)). "'Purposeful activities' are 'those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 167–68 (2d Cir. 2015)). Defendant, although not physically present in the state of New York, contracted with Plaintiff, a New York resident, and sent a number of payments to Plaintiff's New

York bank account as required in the lease agreement. While undoubtedly a close call, this likely satisfies the purposeful contacts required for specific jurisdiction. *See FIA Leveraged Fund v. Grant Thornton LLP*, 150 A.D.3d 492, 493–94 (2d Dep't 2017) (finding personal jurisdiction where defendant communicated with plaintiff via email, the agreement at issue had wire instructions into New York, and Defendant transferred funds to a New York bank). At a minimum, Defendant has not made the required "strong showing" to support a stay of discovery.

Next, the Court considers Defendant's *forum non conveniens* argument. That doctrine, of course, allows a court to refrain from exercising its jurisdiction over a case notwithstanding that such jurisdiction is technically proper. *Flynn v. Gen. Motors, Inc.*, 141 F.R.D. 5, 8 (E.D.N.Y. 1992). A motion to dismiss based on *forum non conveniens* "is a fact-intensive inquiry that proceeds in three steps," requiring the district court to "(i) determine the degree of deference to be accorded to plaintiff's choice of forum; (ii) determine whether an adequate alternative forum to entertain plaintiff's claims exists; and (iii) balance the private and public interest factors[.]" *Celestin v. Martelly*, 450 F. Supp. 3d 264, 272 n.6 (E.D.N.Y. 2020).

Although Plaintiff's opposition does not address Defendant's argument regarding *forum non conveniens* and Defendant does make a persuasive argument, "unless the balance is strongly in favor of the defendant, the choice of forum should rarely be disturbed*." Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Based on this principle, paired with the fact that *forum non conveniens* is a discretionary factor analysis employed by the district court, it is difficult to conclude at this juncture that Defendant

has made a strong showing on this branch of its motion.

The parties' arguments regarding the burden and breadth of discovery are both persuasive and, taken together, do nothing to move the needle in either direction. Defendant's position is that all documents, witnesses, and anticipated third-party defendants are located in South Carolina. Moreover, the parties are already engaged in litigation in that state, which would likely lead to duplicative discovery. Plaintiff, for its part, points to the fact that this litigation concerns the breach of a lease agreement. As such, discovery will be minimal and not burdensome, but rather "inherently narrow." Although both parties advance valid arguments on that point, the Court notes the recent prevalence and predicted permanency of conducting depositions virtually, alleviating a number of issues raised by Defendant.

Finally, as to the undue prejudice prong, although both parties make persuasive arguments regarding whether there would be undue prejudice to Plaintiff if a stay were granted, the Court finds this prong neutral as well. Defendant contends that because the South Carolina action is on-going, Plaintiff will be able to conduct discovery related to the lease agreement in that case while the motion to dismiss here is resolved. Plaintiff takes the stance that, given his position as a liquidation trustee, time is of the essence for him to round up assets of the bankruptcy estate and satisfy creditors.

The Court concludes that a stay of discovery here does not advance the ends of justice. The parties' dispute over the lease—whether litigated here, in South Carolina or any other venue—will require discovery. Discovery produced here, could very well be used elsewhere even if this case is dismissed.

## CONCLUSION

In sum, discovery should not be stayed in this case given that Defendant has not made a strong showing that it will succeed on the motion to dismiss, even if the burden and prejudice prongs weigh in neither parties' favor.  Accordingly, in the exercise of discretion, the motion for a stay of discovery is hereby DENIED.

Dated:  Central Islip, New York
        November 9, 2021


**S O   O R D E R E D:**


/s/ *James M. Wicks*
_____
        James M. Wicks
    United States Magistrate Judge

8